IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01686-BNB

LARRY DARNELL SIMS,

      Plaintiff,

v.

COLORADO DEPT. OF HUMAN SVCS.,
US CONGRESS – KEN SALAZAR,
SOCIAL SECURITY ADMIN.,
INTERNAL REVENUE SERVICE,
MEDICARE - DEPT. OF HEALTH & HUMAN SERVICES, and
OTHER KNOWN & UNKNOWN PERSONS,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DE~ ~ER. COLORADO

NOV 2 0 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

Plaintiff Larry Darnell Sims initiated this action by filing *pro se* a complaint. On September 22, 2009, Mr. Sims filed an amended complaint. On September 28, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Sims to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On October 9, 2009, Mr. Sims filed a second amended complaint. On November 3, 2009, Mr. Sims filed a "Motion to Correct" seeking to amend the claims asserted in the second amended complaint.

The Court must construe the second amended complaint and the "Motion to Correct" liberally because Mr. Sims is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim

on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court has reviewed the second amended complaint and the "Motion to Correct" and finds that Mr. Sims still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland advised Mr. Sims that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this advisement, Mr. Sims still fails to provide a short and plain statement of his claims showing that he is entitled to relief in either the second amended complaint or in the "Motion to Correct." Although Mr. Sims alleges that his rights under the United States Constitution and other federal and state laws have been violated, he fails to allege specific facts in support of those claims. In short, whatever specific claims Mr. Sims is asserting against the named Defendants in this action make no sense. Although the papers filed by Mr. Sims must be construed liberally, the Court will not construct legal arguments for a ***pro se*** litigant. *See* ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the "Motion to Correct" will be denied because the proposed amendments would be futile and the second amended complaint and the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the "Motion to Correct" filed on November 3, 2009, is denied because the proposed amendments would be futile. It is

.

FURTHER ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 20 day of _____November_____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01686-BNB

Larry Darnell Sims
1404 Beulah Avenue
Pueblo, CO 81004

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _11/20/09_

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk